UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JORGE TORRES, 01-A-5881,

        Plaintiff,

-v-

THE STATE OF NEW YORK;
GLENN GOORD, Commissioner of N.Y. DOCS;
LAURA L. ADAMSPEARY, Supvr. Inmate
Grievance; THOMAS EAGEN, Director of Inmate
Grievance Program; and ROBERT WOODS,
Superintendent, State of New York DOC;

        Defendants.

**DECISION AND ORDER**
05-CV-0566E

---

JORGE TORRES, 01-A-5881,

        Plaintiff,

-v-

05-CV-0617E

THE STATE OF NEW YORK,
 Commissioner GLENN GOORD
OF DOC, NYS, M.D. LESTER WRIGHT,
Superintendent ROBERT WOODS,
Deputy Administrator ANTHONY BOUCOUD,
Nurse Administrator NANCY SMITH,
Clinical Medical Dr. Infirmary Unit
EVELYN L. WEISSMAN,
Medical Nurse GEORGE WARKERSON,
PA Medical Staff Doctor 11 Block LOUIS E.
TICHENOR, NURSE MARLA L. TRAVERS,
NURSE NORMA R. RACE,
NURSE SUSAN A. WALSH,
NURSE ELIZABETH WHITE,
NURSE KATHLEEN L. SALLIVAN,
NURSE NACY A. PLOOF,
NURSE RICHARD DAVENPORT,
NURSE 2 MEDICAL DIANA J. MULLEN,

NURSE 2 MEDICAL SUZANNE HUGES,
NURSE 2 MEDICAL DIANE HARVEY,
NURSE 2 MEDICAL CHARLES FAIRCHILD,
NURSE 2 MEDICAL PHILLIP J. DABIEW,
NURSE 2 MEDICAL DEANA L. BAFFHAM,
and NURSE 2 MEDICAL JACQUELINE BODZAK,

        Defendants.

---

## INTRODUCTION

Plaintiff filed these two actions pursuant to 42 U.S.C. § 1983, and, having been denied *in forma pauperis* status, has paid the fees and filed motions for service by the U. S. Marshal. Plaintiff's complaints have been screened by the Court with respect to the 28 U.S.C. § 1915(e)(2) criteria. For the reasons discussed below, the cases are consolidated, certain claims are dismissed, and Marshal's service is directed with regard to the remaining claims.

## DISCUSSION

Plaintiff's two cases name some of the same defendants and also concern related issues: the adequacy of the medical care for a shoulder injury he has received in prison and his attempts to address that medical care through the grievance resolution program. The first case concerns only his attempts to address his concerns through the grievance program. The second case concerns both the alleged inadequacy of his medical care and his attempts to address his medical care through grievances.

When actions involve common questions of law or fact, such as these two actions by plaintiff, the Court may consolidate the actions and make any such orders regarding them "as may tend to avoid unnecessary costs or delay." Fed.R.Civ.P. 42(a). Accordingly, plaintiff's two actions shall be consolidated into a single action under the case number 05-CV-0566E, and the complaint in case number 05-CV-0617E shall be deemed a Supplemental Complaint in 05-CV-0566E.

Based on its evaluation of the complaint, the Court finds that plaintiff does state several cognizable claims, but that claims against the State and State employees in their individual capacities must be dismissed.

First, although prisoners do not generally have a constitutionally protected right to a grievance procedure, *see, e.g., Jones v. North Carolina Prisoners Labor Union*, 433 U.S. 119, 138 (1977) (Burger, J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"), *cert. denied*, 514 U.S. 1022 (1995), nor, as a general rule, is there a federal right to have them properly administered, *see Ramirez v. Holmes*, 921 F.Supp. 204, 208 (S.D.N.Y. 1996), the Constitution entitles an individual to fair procedures when a liberty interest is involved, *see Sandin v. Conner*, 515 U.S. 472, 474 (1995), and, further, plaintiff alleges that his grievances have not been properly processed in retaliation for his First Amendment actions in filing many grievances to redress the medical issue.

3

Case 1:05-cv-00566-HKS Document 7 Filed 01/04/06 Page 4 of 6

However, plaintiff's claims against the State and against defendants in their official capacities are dismissed. The Eleventh Amendment bars federal court claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "An official arm of the state," such as ((state agencies), "enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself." *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999).

Similarly, plaintiff's claims against defendants in their official capacities as employees of the state agency are barred by the Eleventh Amendment. See *Kentucky v. Graham*, 473 U.S. at 165-167, and n. 14; *Pennhurst*, 465 U.S. 89 at 199-201. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71; *Gaby v. Board of Trustees of Community Technical Colleges*. 348 F.3d 62, 63 (2d Cir. 2003). Accordingly all plaintiff's claims against New York State, its agencies, and defendants in their official capacities, are dismissed. In the same vein, no allegations of personal involvement are made against Eliot Spitzer, Attorney General for the State of New York, who appears to have been named only in his official capacity as Attorney General. This claim is also dismissed. The remaining claims may go forward as pleaded.

4

Plaintiff has requested service by the United States Marshal. Because plaintiff is a prisoner proceeding *pro se* his motion is granted. Pursuant to Fed.R.Civ.P. 4(c)(2), the U.S. Marshal is hereby directed to collect their fee and serve the Summons and Complaint upon the remaining named defendants.

Upon receipt of this order, plaintiff is directed to submit a copy of this order, the marshal forms, summons and complaints to the U.S. Marshal for service upon named defendants. Plaintiff shall pay the fee of $8.00 per summons and complaint, which must be paid by money order or certified check. If service has not been accomplished within the deadlines for service and time is nearing an end, plaintiff may wish to contact the U.S. Marshal's office at U.S. Marshal's Office, 68 Court Street, Buffalo, New York 14202, (716) 551-4851 to inquire about the status of service.

## CONCLUSION

For the reasons discussed above, plaintiff's two cases are consolidated, the claims against New York State, New York State Agencies, Attorney General Eliot Spitzer, and State employees sued in their official capacities, are dismissed with prejudice pursuant to 28 U.S.C. § 1915A, and the U.S. Marshal is directed to collect the fee and serve the summons and complaints on the remaining defendants.

## ORDER

IT HEREBY IS ORDERED, that case numbers 05-CV-0566E and 05-CV-0617E are consolidated as case number 05-CV-0566E;

FURTHER, that all papers filed in case number 05-CV-0617E shall be papers in case number 05-CV-0566E, and, henceforth, all papers shall be filed in case number 05-CV-0566E;

FURTHER, that the complaint submitted in 05-CV-0617E is deemed a Supplemental Complaint in case number 05-CV-0566E;

FURTHER, that the Clerk of the Court is directed to close case number 05-CV-0617E.

FURTHER, that the claims against New York State, New York State Agencies, Attorney General Eliot Spitzer, and State employees sued in their official capacities, are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to collect the fee and to serve copies of the Summons, Complaint, and this Order upon the remaining defendants; and

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

IT IS SO ORDERED.

_____
Honorable Richard J. Arcara
United States District Judge

Dated: Jan. 4, 2006